UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES, | : | CASE NO. 1:20-cr-00179 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 741] |
| v. | : | |
| | : | |
| DARNELL HILL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Before the Court is the parties' joint agreement and request for leave for Defendant Darnell Hill to file a delayed appeal. For the following reasons, the Court **GRANTS** Defendant Hill leave to file a delayed direct appeal to the Sixth Circuit on the ground that he was provided ineffective assistance of appellate counsel.

### I. DISCUSSION

On March 11, 2020, Defendant Hill was indicted on two counts of distribution of a controlled substance and one count of conspiracy to do the same.[1] After he was arrested, Hill retained counsel.[2] Hill says that counsel informed Hill that Hill's guideline range was between 24 to 36 months.[3] Saying that he relied upon that advice, Hill pled guilty.[4]

At Hill's February 22, 2022, sentencing, the Court calculated Hill's guideline range as 84 to 105 months.[5] The Court sentenced Hill to 90 months imprisonment.[6] When asked

---

[1] Doc. 1, PageID #: 3, 47.
[2] Doc. 720, PageID #: 4203.
[3] *Id.*
[4] Doc. 584, PageID #: 3236.
[5] Doc. 687, PageID #: 4110.
[6] Doc. 686, PageID #: 4102.

Case No. 1:20-cr-00179
GWIN, J.

by the Court, Hill's counsel stated that Hill had no objections to the sentence.[7] Hill's counsel also stated that he would explain Hill's appellate rights to him and file an appeal if Hill so requested.[8]

Hill says he requested his counsel file an appeal that same day, and a second time they spoke after Hill's sentencing.[9] Counsel initially stated he would file a motion to correct Hill's sentence.[10] Hill's relatives and friends followed up with Hill's counsel over the next few months about Hill's counsel filing an appeal.[11] Hill's counsel did not file any post-sentencing relief motions, and Hill says that his counsel eventually stopped responding to Hill's communication attempts.

On February 22, 2023, Hill filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.[12] Hill's newly appointed counsel supplemented that motion and requested an evidentiary hearing.[13] With that motion, Hill claimed ineffective of trial counsel and appellate counsel as separate grounds for relief.[14]

On May 14, 2024, the Court referred this case to a Magistrate Judge, who conducted a status conference between the parties.[15]

On May 21, 2024, the parties filed the present joint notice of agreement on Hill's pending § 2255 motion.[16] With this joint notice, they inform the Court that Defendant Hill

---

[7] Doc. 724, PageID #: 4253.
[8] *Id.* at PageID #: 4253-54.
[9] Doc. 720, PageID #: 4203, 4206.
[10] *Id.*, PageID #: 4215.
[11] *See* Docs. 720-1, 720-2, 720-3.
[12] Doc. 2255.
[13] Doc. 741.
[14] *Id.*
[15] Dkt., May 14, 2024, May 16, 2024.
[16] Doc. 767.

- 2 -

Case No. 1:20-cr-00179
GWIN, J.

agrees to withdraw his ineffective assistance of trial counsel ground for relief, and the government agrees that Hill was provided ineffective assistance of appellate counsel.[17]

The parties further request that the Court issue an order granting Hill the ability to file a delayed appeal under Federal Rule of Appellate Procedure 4(b).

"[A] defendant is entitled to habeas relief when he requests that a notice of appeal be filed, and his counsel ignores his request. Such failure by counsel constitutes per se ineffective assistance under the Sixth Amendment and entitles the defendant to habeas relief under § 2255. In such a case the relief available to the defendant is a delayed direct appeal."[18]

So, Defendant Hill may file a delayed direct appeal on his ineffective assistance of appellate counsel ground for relief.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Hill leave to file a delayed direct appeal on his Sixth Amendment ineffective assistance of appellate counsel claim **within thirty (30) days of this order**. The Court **CANCELS** the June 3, 2024 evidentiary hearing. The Court informs the parties that it has advised the United States Marshals to retain Defendant Hill at his current location.

IT IS SO ORDERED.

Dated: May 28, 2024
                                                   *s/ James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[17] *Id.*, PageID #: 4425.
[18] *United States v. Leachman*, 309 F.3d 377, 380 n.4 (6th Cir. 2002) (citing *Ludwig v. United States*, 162 F.3d 456, 458-9 (6th Cir. 1998); *Roskinski v. United States*, 459 F.2d 59, 59-60 (6th Cir. 1972)).